# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMI ENGLAND, | ) |
|     Plaintiff, | ) Case No. 3:22 CV 01254 |
| v. | ) |
| CHICAGO ALTERNATIVE HEALTH CENTER, LLC<br>An Illinois Limited Liability Company,<br>d/b/a Ascend Cannabis | ) |
|     Serve registered Agent<br>    CT Corporation System<br>    208 S. Lasalle St., Suite 814<br>    Chicago, Illinois 60604 | ) |
|     Defendant. | ) |

## COMPLAINT

Comes now Plaintiff Tomi England ("Plaintiff"), by and through undersigned her undersigned attorneys, and for her complaint against Defendant Chicago Alternative Health Center, LLC d/b/a Ascend Cannabis ("Defendant"), states:

### Introduction

1. This is an action for legal and equitable relief brought under Title VII of the Civil Rights Act of 1964 as amended, or 42 U.S.C. §2000e ("Title VII"), et seq. and the Illinois Human Rights Act, §§ 775 ILCS 5/2-102 et seq. and 775 ILCS 5/6-101 et seq. ("IHRA").

2. Plaintiff was discriminated against in her place of employment on the basis of sex between February 2021 and March 22, 2021.

3. Plaintiff opposed and made numerous complaints and reported the sexually harassing behavior by her supervisor, only to experience further unlawful harassment, discrimination and retaliation by Defendant.

4. Defendants, retaliated against Plaintiff by terminating her employment on March 22, 2021.

5. Defendant further retaliated against Plaintiff by denying her access to its cannabis dispensary on June 30, 2021, to obtain medically prescribed cannabis, after Plaintiff filed a charge of discrimination with the EEOC/IDHR on May 11, 2021.

**Parties**

6. Plaintiff is and was, at all relevant times herein, a resident of the State of Illinois.

7. Defendant Chicago Alternative Health Center, LLC is an Illinois corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 1411 Broadway, 16th floor, New York, NY 100180000, and Defendant is a statutory employer under Title VII and the IHRA.

8. Defendant acted through the actions of its employees, Steve Garmon, General Manager/Supervisor, Brandon Discus, General Manager, Jennifer Littlebrave, Agent in Charge, Mike Swinnen, Manager and Jessica Cole, Manager.

**Jurisdiction and Venue**

9. This action arises under the laws of the United States, including Title VII and the Illinois Human Rights Act. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, and Supplemental Jurisdiction, pursuant to 28 USC §1367, as the claims in Count III and IV of this Complaint are so closely related to the claims in Count I and II, that they form part of the same case or controversy under Article III of the United States Constitution.

10. Jurisdiction and venue are proper in this Court pursuant to this Court's Federal Question Jurisdiction, 28 USC §1331, as this matter is brought pursuant to Title VII of the Civil

Rights Act of 1964 as amended and the discriminatory acts alleged herein occurred in this judicial district.  Explaining further plaintiff states:

      a.      Plaintiff filed a timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") – EEOC charge number 560-2021-01658/ IDHR charge number 2021SR2659  (Plaintiff's charge of discrimination and amended charge are both attached as Exhibits A and B);

      b.      Plaintiff received Notice of Right to Sue Letters from both the EEOC and IDHR and plaintiff filed suit within the 90-day window provided by law for bringing suit pursuant to each Notice of Rights Letter (the Notice of Rights Letters from the EEOC and IDHR are attached as Exhibits C and D);

11.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(2), because all of the events or omissions, including unlawful employment practices and illegal discrimination, giving rise to this claim occurred in the Southern District of Illinois.

**Count I**
**Hostile Work Environment**
**Sex Harassment in violation of Title VII**

12.      Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

13.      Plaintiff began working for Defendant on or about January 28, 2019, and remained employed with Defendant until on or about March 22, 2021, when her employment was terminated.

14. At all relevant times from the date Defendant hired Plaintiff to the date Plaintiff's, employment ended, Plaintiff successfully performed the essential functions of her job and met or exceeded Defendant's reasonable job expectations.

15. Plaintiff is female.

16. Defendant is an employer as defined in Title VII.

17. On or about February 2021, Defendant hired General Manager Steve Garmon, who shortly thereafter, began to touch and rub Plaintiff's back.

18. The touching and rubbing of her back was unwelcome and made Plaintiff extremely uncomfortable.

19. Plaintiff asked Garmon to stop, but he continued to touch her without her consent.

20. Plaintiff believes the unwelcome physical contact was based upon Plaintiff's sex, because she witnessed other women subjected to similar unwelcome touching without their consent.

21. On or about mid-February 2021, Garmon verbally humiliated Plaintiff in front of her workgroup by referring to her as "his girl" in a workgroup meeting and calling to her from several feet away and saying, "with a mouth like that, I need you over here," making reference to having Plaintiff by his side. Plaintiff interpreted the comment as a blatant reference to her performing oral sex.

22. The harassment unreasonably interfered with Plaintiff's work performance by creating an intimidating, hostile or offensive working environment that seriously affected her psychological well-being.

23. The day following Garmon's comment referencing oral sex, Plaintiff complained to Ascend management, Brandon Discus (GM), Jennifer Littlebrave (Agent in Charge), Mike

Swinnen (Mgr.) and Jessica Cole (Mgr.). Plaintiff was told to discuss the matter with Garmon. Plaintiff was not comfortable addressing the matter with Garmon, since she had already asked him to stop touching her and he ignored her pleas.

24. The sex harassment, as aforesaid, was sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile or abusive.

25. At the time the harassment occurred, and as a result of such actions, Plaintiff believed her work environment to be hostile and abusive.

26. A term, condition, or privilege of Plaintiff's employment was affected by the sex harassment.

27. Defendant violated Title VII, by subjecting Plaintiff to a sexually hostile working environment.

28. As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

29. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to Title VII.

30. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of Title VII.

31. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

32. Punitive damages are sought in an amount sufficient to punish this defendant for its conduct and to serve as an example or warning to this Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

**Count II**
**Retaliation - Title VII**

33. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

34. Plaintiff engaged in statutorily protected activity when she complained to Ascend management, Brandon Discus, Jennifer Littlebrave, Mike Swinnen and Jessica Cole about Garmon's unwelcomed touching and the comment he made at a workgroup meeting suggesting oral sex ("with a mouth like that, I need you over here").

35. Plaintiff was told to by Ascend management discuss the matter with Garmon. Plaintiff was not comfortable addressing the matter with Garmon, since she had already asked him to stop touching her and he ignored her pleas.

36. As a result of Plaintiff opposing the aforementioned discriminatory and sexually derogatory comments, Defendant continued to subject Plaintiff to the comments and hostile working environment created thereby.

37. Defendant thereafter began to retaliate against Plaintiff including, denying her a transfer opportunity to another location, issuing her a write-up for insubordination relating to Plaintiff's refusal to work "off the clock," and ultimately terminating Plaintiff's employment on March 22, 2021, based on a false charge that Plaintiff bullied another employee.

38. As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

39. Defendant further retaliated against Plaintiff by denying her access to its cannabis dispensary on June 30, 2021, to obtain medically prescribed cannabis, after Plaintiff filed a charge of discrimination with the EEOC/IDHR on May 11, 2021.

40. Defendant's retaliatory actions were in violation of Title VII.

41. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to Title VII.

42. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of Title VII.

43. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

44. Punitive damages are sought in an amount sufficient to punish Defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

### Count III
### Hostile Work Environment
### Sex Harassment in violation of the IHRA

45. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

46. This action is brought pursuant to the IHRA.

47. Jurisdiction and venue are proper in this Court pursuant to this Court's Supplemental Jurisdiction, 28 USC §1367, as the claims in Count III of this Complaint are so

closely related to the claims in Count I and II that they form part of the same case or controversy under Article III of the United States Constitution.  Explaining further plaintiff states:

    a.    Plaintiff filed a timely charge of discrimination with the EEOC and IDHR EEOC charge number 560-2021-01658/ IDHR charge number 2021SR2659 (Plaintiff's charge of discrimination and amended charge are both attached as Exhibits A and B);

    b.    Plaintiff received Notice of Right to Sue Letters from both the EEOC and IDHR and plaintiff filed suit within the 90-day window provided by law for bringing suit pursuant to each Notice of Rights Letter (the Notice of Rights Letters from the EEOC and IDHR are attached as Exhibits C and D);

48.    Defendants have engaged in unlawful discriminatory acts that are prohibited under the IHRA.

49.    Plaintiff is an "employee" as defined under the IHRA.

50.    Defendant is an "employer" as defined under the IHRA.

51.    Sex harassment is a prohibited the IHRA.

52.    Defendant is responsible for its actions, policies, practices, and customs at all times during Plaintiff's employment.

53.    The sex harassment, as aforesaid, unreasonably interfered with Plaintiff's work performance by creating an intimidating, hostile or offensive working environment that seriously affected her psychological well-being.

54.    The day following Garmon's comment referencing oral sex, Plaintiff complained to Ascend management, Brandon Discus (GM), Jennifer Littlebrave (Agent in Charge), Mike Swinnen (Mgr.) and Jessica Cole (Mgr.). Plaintiff was told to discuss the matter with Garmon.

Plaintiff was not comfortable addressing the matter with Garmon, since she had already asked him to stop touching her and he ignored her pleas.

55. The sex harassment, as aforesaid, was sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile or abusive.

56. At the time the harassment occurred, and as a result of such actions, Plaintiff believed her work environment to be hostile and abusive.

57. A term, condition, or privilege of Plaintiff's employment was affected by the sex harassment.

58. Defendant violated the IHRA, by subjecting Plaintiff to a sexually hostile working environment.

59. As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

60. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to the IHRA.

61. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the IHRA.

62. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

63. Punitive damages are sought in an amount sufficient to punish this defendant for its conduct and to serve as an example or warning to this Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

## Count IV
### Retaliation - IHRA

64. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

65. Plaintiff engaged in statutorily protected activity when she complained to Ascend management, Brandon Discus, Jennifer Littlebrave, Mike Swinnen and Jessica Cole about Garmon's unwelcomed touching and the comment he made at a workgroup meeting suggesting oral sex ("with a mouth like that, I need you over here").

66. Plaintiff was told to by Ascend management discuss the matter with Garmon. Plaintiff was not comfortable addressing the matter with Garmon, since she had already asked him to stop touching her and he ignored her pleas.

67. As a result of Plaintiff opposing the aforementioned discriminatory and sexually derogatory comments, Defendant continued to subject Plaintiff to the comments and hostile working environment created thereby.

68. Defendant thereafter began to retaliate against Plaintiff including, denying her a transfer opportunity to another location, issuing her a write-up for insubordination relating to Plaintiff's refusal to work "off the clock," and ultimately terminating Plaintiff's employment on March 22, 2021, based on a false charge that Plaintiff bullied another employee.

69. As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

70. Defendant further retaliated against Plaintiff by denying her access to its cannabis dispensary on June 30, 2021, to obtain medically prescribed cannabis, after Plaintiff filed a charge of discrimination with the EEOC/IDHR on May 11, 2021.

71. Defendant's retaliatory actions were in violation of the IHRA.

72. Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to IHRA.

73. Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the IHRA.

74. Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

75. Punitive damages are sought in an amount sufficient to punish Defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and thereafter:

(a) Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

## **Demand for Jury Trial**

Plaintiff requests a trial by jury on all issues in this case which are so triable.

Respectfully Submitted,

/s/ Melvin D. Kennedy
Melvin D. Kennedy, #6216344
Law Office of Melvin D. Kennedy, LLC
2001 S. Big Bend Blvd.
St. Louis, MO 63117
Telephone:  (314) 561-3241
Facsimile:  (314) 644-4303
Email:  Melvin.KennedyLLC@gmail.com

Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone:     (314) 932-7671
Facsimile:      (314) 932-7672
Email:  cyrus@dashtaki.com

*Attorneys for Plaintiff*