## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOMI ENGLAND,** | |
| Plaintiff, | |
| v. | No.  22-cv-01254 |
| **CHICAGO ALTERNATIVE HEALTH CENTER, LLC An Illinois Limited Liability Company, d/b/a ASCEND CANNABIS,** | |
| Defendant. | |

### DEFENDANT'S ANSWER AND
### <u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>

Defendant, Chicago Alternative Health Center, LLC an Illinois Limited Liability Company, d/b/a Ascend Cannabis, (collectively "Defendant"), by and through its attorneys, Littler Mendelson P.C., hereby submits its Answers and Affirmative Defenses to Plaintiff Tomi England's ("Plaintiff") Complaint as follows:

### Introduction

1.      This is an action for legal and equitable relief brought under Title VII of the Civil Rights Act of 1964 as amended, or 42 U.S.C. §2000e ("Title VII"), et seq. and the Illinois Human Rights Act, §§ 775 ILCS 5/2-102 et seq. and 775 ILCS 5/6-101 et seq. ("IHRA").

**ANSWER:**    Defendant admits that Plaintiff purports to bring claims under Title VII and the IHRA. Defendant denies any wrongdoing on any basis, denies that Plaintiff is entitled to relief under any law and denies the remaining allegations in Paragraph 1.

2.      Plaintiff was discriminated against in her place of employment on the basis of sex between February 2021 and March 22, 2021.

**ANSWER:**    Defendant denies the allegations in Paragraph 2.

3.      Plaintiff opposed and made numerous complaints and reported the sexually harassing behavior by her supervisor, only to experience further unlawful harassment, discrimination and retaliation by Defendant.

**ANSWER:**      Defendant denies the allegations in Paragraph 3.

4.      Defendants, retaliated against Plaintiff by terminating her employment on March 22, 2021.

**ANSWER:**      Defendant admits that Plaintiff's employment was terminated on March 22,

2021 but denies that it retaliated against her and denies the remaining allegations in Paragraph 4.

5.      Defendant further retaliated against Plaintiff by denying her access to its cannabis dispensary on June 30, 2021, to obtain medically prescribed cannabis, after Plaintiff filed a charge of discrimination with the EEOC/IDHR on May 11, 2021.

**ANSWER:**      Defendant denies the allegations in Paragraph 5.

### Parties

6.      Plaintiff is and was, at all relevant times herein, a resident of the State of Illinois.

**ANSWER:**      Defendant lacks knowledge or information sufficient to admit or deny the

allegations in Paragraph 6 and therefore denies them.

7.      Defendant Chicago Alternative Health Center, LLC is an Illinois corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 1411 Broadway, 16th floor, New York, NY 100180000, and Defendant is a statutory employer under Title VII and the IHRA.

**ANSWER:**      The allegations in Paragraph 7 claiming Defendant is a statutory employer

under Title VII and the IHRA call for a legal conclusion to which no response is required. To the

extent a response is required, Defendant admits those allegations to the extent they are consistent

with Title VII and the IHRA. Defendant admits its principal place of business is at 1411 Broadway,

16th floor, New York, NY 10018. Defendant admits the remaining allegations in Paragraph 7.

8.      Defendant acted through the actions of its employees, Steve Garmon, General Manager/Supervisor, Brandon Discus, General Manager, Jennifer Littlebrave, Agent in Charge, Mike Swinnen, Manager and Jessica Cole, Manager.

**ANSWER:**   Defendant admits that Steve Garmon, Brandon Discus, Jennifer Littlebrave, Mike Swinnen, and Jessica Cole were its employees and held the titles alleged in Paragraph 8. Defendant denies that Defendant or any of the aforementioned employees acted inappropriately or engaged in any wrongdoing. Defendant denies the remaining allegations in Paragraph 8.

### Jurisdiction and Venue

9.      This action arises under the laws of the United States, including Title VII and the Illinois Human Rights Act. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, and Supplemental Jurisdiction, pursuant to 28 USC §1367, as the claims in Count III and IV of this Complaint are so closely related to the claims in Count I and II, that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**   Defendant admits that Plaintiff purports to bring claims under Title VII and the IHRA. Defendant admits that jurisdiction is proper. Defendant denies any wrongdoing on any basis, denies that Plaintiff is entitled to relief under any law, and denies the remaining allegations in Paragraph 9.

10.      Jurisdiction and venue are proper in this Court pursuant to this Court's Federal Question Jurisdiction, 28 USC §1331, as this matter is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended and the discriminatory acts alleged herein occurred in this judicial district. Explaining further plaintiff states:

   a.      Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") – EEOC charge number 560-2021-01658/ IDHR charge number 2021SR2659 (Plaintiff's charge of discrimination and amended charge are both attached as Exhibits A and B);

   b.      Plaintiff received Notice of Right to Sue Letters from both the EEOC and IDHR and plaintiff filed suit within the 90-day window provided by law for bringing suit pursuant to each Notice of Rights Letter (the Notice of Rights Letters from the EEOC and IDHR are attached as Exhibits C and D);

**ANSWER:**   Defendant admits that jurisdiction and venue are proper but denies discriminatory acts occurred and denies the remaining allegations in Paragraph 10. Defendant admits that copies of the Charge and Amended Charge of discrimination were filed by Plaintiff and are attached to the Complaint as Exhibits. Defendants denies that employment discrimination,

sex discrimination or retaliation occurred, and denies the remaining allegations in Paragraph 10(a). Defendant admits that copies of the Notice of Rights Letters are attached to the Complaint as Exhibits. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 10(b) and therefore denies them.

11.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(2), because all of the events or omissions, including unlawful employment practices and illegal discrimination, giving rise to this claim occurred in the Southern District of Illinois.

**ANSWER:**     Defendant admits that venue is proper but denies that unlawful employment practices and illegal discrimination occurred and denies the remaining allegations in Paragraph 11.

### Count I
### Hostile Work Environment
### Sex Harassment in violation of Title VII

12.     Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

**ANSWER:**     Defendant incorporates by reference its answers to all prior allegations of this Complaint as if full set forth herein.

13.     Plaintiff began working for Defendant on or about January 28, 2019, and remained employed with Defendant until on or about March 22, 2021, when her employment was terminated.

**ANSWER:**     Defendant admits the allegations in Paragraph 13.

14.     At all relevant times from the date Defendant hired Plaintiff to the date Plaintiff's employment ended, Plaintiff successfully performed the essential functions of her job and met or exceeded Defendant's reasonable job expectations.

**ANSWER:**     Defendant denies the allegations in Paragraph 14.

15.     Plaintiff is female.

**ANSWER:**     Defendant admits the allegations in Paragraph 15.

16.     Defendant is an employer as defined in Title VII.

**ANSWER:**    The allegations in Paragraph 16 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 16 to the extent they are consistent with Title VII.

17.    On or about February 2021, Defendant hired General Manager Steve Garmon, who shortly thereafter, began to touch and rub Plaintiff's back.

**ANSWER:**    Defendant admits that Defendant hired General Manager Steve Garmon on February 8, 2021. Defendant denies the remaining allegations in Paragraph 17.

18.    The touching and rubbing of her back was unwelcome and made Plaintiff extremely uncomfortable.

**ANSWER:**    Defendant lacks knowledge or information sufficient to admit or deny what Plaintiff felt but denies that unwelcome conduct occurred and denies the remaining allegations in Paragraph 18.

19.    Plaintiff asked Garmon to stop, but he continued to touch her without her consent.

**ANSWER:**    Defendant denies the allegations in Paragraph 19.

20.    Plaintiff believes the unwelcome physical contact was based upon Plaintiff's sex, because she witnessed other women subjected to similar unwelcome touching without their consent.

**ANSWER:**    Defendant lacks knowledge or information sufficient to admit or deny what Plaintiff believes or witnessed and therefore denies those allegations. Defendant also denies that Plaintiff or other women were subjected to unwelcome touching by Garmon and denies the remaining allegations in Paragraph 20.

21.    On or about mid-February 2021, Garmon verbally humiliated Plaintiff in front of her workgroup by referring to her as "his girl" in a workgroup meeting and calling to her from several feet away and saying, "with a mouth like that, I need you over here," making reference to having Plaintiff by his side. Plaintiff interpreted the comment as a blatant reference to her performing oral sex.

**ANSWER:**   Defendant denies the allegations in the first sentence of Paragraph 21. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's interpretations and denies the remaining allegations in the second sentence of Paragraph 21.

22.    The harassment unreasonably interfered with Plaintiff's work performance by creating an intimidating, hostile or offensive working environment that seriously affected her psychological well-being.

**ANSWER:**   Defendant denies that harassment or an intimidating, hostile or offensive working environment occurred and denies the remaining allegations in Paragraph 22.

23.    The day following Garmon's comment referencing oral sex, Plaintiff complained to Ascend management, Brandon Discus (GM), Jennifer Littlebrave (Agent in Charge), Mike Swinnen (Mgr.) and Jessica Cole (Mgr.). Plaintiff was told to discuss the matter with Garmon. Plaintiff was not comfortable addressing the matter with Garmon, since she had already asked him to stop touching her and he ignored her pleas.

**ANSWER:**   Defendant denies the allegations in the first and second sentences of Paragraph 23. Defendant lacks knowledge or information sufficient to admit or deny how Plaintiff felt and therefore denies those allegations and the remaining allegations in the third sentence of Paragraph 23.

24.    The sex harassment, as aforesaid, was sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile or abusive.

**ANSWER:**   Defendant denies that sex harassment occurred and denies the remaining allegations in Paragraph 24.

25.    At the time the harassment occurred, and as a result of such actions, Plaintiff believed her work environment to be hostile and abusive.

**ANSWER:**   Defendant lacks knowledge or information sufficient to admit or deny what Plaintiff believed and therefore denies those allegations. Defendant denies that harassment occurred and denies the remaining allegations in Paragraph 25.

26.    A term, condition, or privilege of Plaintiff's employment was affected by the sex harassment.

**ANSWER:**   Defendant denies that sex harassment occurred and denies the remaining allegations in Paragraph 26.

27.   Defendant violated Title VII, by subjecting Plaintiff to a sexually hostile working environment.

**ANSWER:**   Defendant denies the allegations in Paragraph 27.

28.   As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

**ANSWER:**   Defendant denies the allegations in Paragraph 28.

29.   Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to Title VII.

**ANSWER:**   Defendant denies the allegations in Paragraph 29.

30.   Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of Title VII.

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought and denies the remaining allegations in Paragraph 30.

31.   Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**ANSWER:**   Defendant denies the allegations in Paragraph 31.

32.   Punitive damages are sought in an amount sufficient to punish this defendant for its conduct and to serve as an example or warning to this Defendant and others not to engage in similar conduct in the future.

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought and denies the remaining allegations in Paragraph 32.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and against Defendant and thereafter.

(a)   Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation,

and diminished employment status;

(b) Award punitive damages to punish and deter Defendant and others from like conduct;

(c) Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d) Such other and further equitable and legal relief as this Court deems just and proper.

**ANSWER:** Defendant denies that Plaintiff is entitled to the relief requested and denies the allegations contained therein.

**Count II**
**Retaliation - Title VII**

33. Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

**ANSWER:** Defendant incorporates by reference its answers to all prior allegations of this Complaint as if full set forth herein.

34. Plaintiff engaged in statutorily protected activity when she complained to Ascend management, Brandon Discus, Jennifer Littlebrave, Mike Swinnen and Jessica Cole about Garmon's unwelcomed touching and the comment he made at a workgroup meeting suggesting oral sex ("with a mouth like that, I need you over here").

**ANSWER:** Defendant denies that Plaintiff engaged in statutorily protected activity and denies the remaining allegations in Paragraph 34.

35. Plaintiff was told to by Ascend management discuss the matter with Garmon. Plaintiff was not comfortable addressing the matter with Garmon, since she had already asked him to stop touching her and he ignored her pleas.

**ANSWER:** Defendant denies the allegations in the first sentence of Paragraph 35. Defendant lacks knowledge or information sufficient to admit or deny how Plaintiff felt and therefore denies those allegations and the remaining allegations in Paragraph 35.

36. As a result of Plaintiff opposing the aforementioned discriminatory and sexually derogatory comments, Defendant continued to subject Plaintiff to the comments and hostile working environment created thereby.

**ANSWER:**   Defendant denies that discriminatory and sexually derogatory comments occurred and denies the remaining allegations in Paragraph 36.

37.     Defendant thereafter began to retaliate against Plaintiff including, denying her a transfer opportunity to another location, issuing her a write-up for insubordination relating to Plaintiff's refusal to work "off the clock," and ultimately terminating Plaintiff's employment on March 22, 2021, based on a false charge that Plaintiff bullied another employee.

**ANSWER:**   Defendant denies the allegations in Paragraph 37.

38.     As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

**ANSWER:**   Defendant denies the allegations in Paragraph 38.

39.     Defendant further retaliated against Plaintiff by denying her access to its cannabis dispensary on June 30, 2021, to obtain medically prescribed cannabis, after Plaintiff filed a charge of discrimination with the EEOC/IDHR on May 11, 2021.

**ANSWER:**   Defendant denies the allegations in Paragraph 39.

40.     Defendant's retaliatory actions were in violation of Title VII.

**ANSWER:**   Defendant denies that it retaliated against Plaintiff and denies the remaining allegations in Paragraph 40.

41.     Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to Title VII.

**ANSWER:**   Defendant denies the allegations in Paragraph 41.

42.     Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of Title VII.

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought and denies the remaining allegations in Paragraph 42.

43.     Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**ANSWER:**   Defendant denies the allegations in Paragraph 43.

44.     Punitive damages are sought in an amount sufficient to punish Defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

**ANSWER:**     Defendant denies that Plaintiff is entitled to the relief sought and denies the remaining allegations in Paragraph 44.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and thereafter:

(a)     Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b)     Award punitive damages to punish and deter Defendant and others from like conduct;

(c)     Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d)     Such other and further equitable and legal relief as this Court deems just and proper.

**ANSWER:**     Defendant denies that Plaintiff is entitled to the relief requested and denies the allegations contained therein.

**Count III**
**Hostile Work Environment**
**Sex Harassment in violation of the IHRA**

45.     Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

**ANSWER:**     Defendant incorporates by reference its answers to all prior allegations of this Complaint as if full set forth herein.

46.     This action is brought pursuant to the IHRA.

**ANSWER:**     Defendant admits that Plaintiff purports to bring this claim under the IHRA but denies any wrongdoing on any basis, denies that Plaintiff is entitled to relief under the IHRA, and denies the remaining allegations in Paragraph 46.

47.     Jurisdiction and venue are proper in this Court pursuant to this Court's

Supplemental Jurisdiction, 28 USC §1367, as the claims in Count III of this Complaint are so closely related to the claims in Count I and II that they form part of the same case or controversy under Article III of the United States Constitution. Explaining further plaintiff states:

     a.    Plaintiff filed a timely charge of discrimination with the EEOC and IDHR EEOC charge number 560-2021-01658/ IDHR charge number 2021SR2659 (Plaintiff's charge of discrimination and amended charge are both attached as Exhibits A and B);

     b.    Plaintiff received Notice of Right to Sue Letters from both the EEOC and IDHR and plaintiff filed suit within the 90-day window provided by law for bringing suit pursuant to each Notice of Rights Letter (the Notice of Rights Letters from the EEOC and IDHR are attached as Exhibits C and D);

**ANSWER:**    Defendant admits that jurisdiction and venue are proper but denies discriminatory acts occurred and denies the remaining allegations in Paragraph 47. Defendant admits that copies of the Charge and Amended Charge of discrimination were filed by Plaintiff and are attached to the Complaint as Exhibits. Defendants denies that employment discrimination, sex discrimination or retaliation occurred, and denies the remaining allegations in Paragraph 47(a). Defendant admits that copies of the Notice of Rights Letters are attached to the Complaint as Exhibits. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 47(b) and therefore denies them.

48.    Defendants have engaged in unlawful discriminatory acts that are prohibited under the IHRA.

**ANSWER:**    Defendant denies the allegations in Paragraph 48.

49.    Plaintiff is an "employee" as defined under the IHRA.

**ANSWER:**    The allegations in Paragraph 49 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 49 to the extent they are consistent with the IHRA.

50.    Defendant is an "employer" as defined under the IHRA.

**ANSWER:** The allegations in Paragraph 50 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 50 to the extent they are consistent with the IHRA.

51. Sex harassment is a prohibited the IHRA.

**ANSWER:** The allegations in Paragraph 51 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 51 to the extent they are consistent with the IHRA.

52. Defendant is responsible for its actions, policies, practices, and customs at all times during Plaintiff's employment.

**ANSWER:** The allegations in Paragraph 52 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that the allegations in Paragraph 52 accurately state Defendant's responsibilities during Plaintiff's employment, and denies the remaining allegations in Paragraph 52.

53. The sex harassment, as aforesaid, unreasonably interfered with Plaintiff's work performance by creating an intimidating, hostile or offensive working environment that seriously affected her psychological well-being.

**ANSWER:** Defendant denies that sex harassment, or an intimidating, hostile or offensive working environment occurred and denies the remaining allegations in Paragraph 53.

54. The day following Garmon's comment referencing oral sex, Plaintiff complained to Ascend management, Brandon Discus (GM), Jennifer Littlebrave (Agent in Charge), Mike Swinnen (Mgr.) and Jessica Cole (Mgr.). Plaintiff was told to discuss the matter with Garmon. Plaintiff was not comfortable addressing the matter with Garmon, since she had already asked him to stop touching her and he ignored her pleas.

**ANSWER:** Defendant denies the allegations in the first and second sentences of Paragraph 54. Defendant lacks knowledge or information sufficient to admit or deny how Plaintiff felt and therefore denies those allegations and the remaining allegations in the third sentence of Paragraph 54.

55.     The sex harassment, as aforesaid, was sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile or abusive.

**ANSWER:**     Defendant denies that sex harassment occurred and denies the remaining allegations in Paragraph 55.

56.     At the time the harassment occurred, and as a result of such actions, Plaintiff believed her work environment to be hostile and abusive.

**ANSWER:**     Defendant lacks knowledge or information sufficient to admit or deny what Plaintiff believed and therefore denies those allegations. Defendant denies that harassment occurred and denies the remaining allegations in Paragraph 56.

57.     A term, condition, or privilege of Plaintiff's employment was affected by the sex harassment.

**ANSWER:**     Defendant denies that sex harassment occurred and denies the remaining allegations in Paragraph 57.

58.     Defendant violated the IHRA, by subjecting Plaintiff to a sexually hostile working environment.

**ANSWER:**     Defendant denies the allegations in Paragraph 58.

59.     As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

**ANSWER:**     Defendant denies the allegations in Paragraph 59.

60.     Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to the IHRA.

**ANSWER:**     Defendant denies the allegations in Paragraph 60.

61.     Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the IHRA.

**ANSWER:**     Defendant denies that Plaintiff is entitled to the relief sought and denies the remaining allegations in Paragraph 61.

62.     Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**ANSWER:**     Defendant denies the allegations in Paragraph 62.

63.     Punitive damages are sought in an amount sufficient to punish this defendant for its conduct and to serve as an example or warning to this Defendant and others not to engage in similar conduct in the future.

**ANSWER:**     Defendant denies that Plaintiff is entitled to the relief sought and denies the

remaining allegations in Paragraph 63.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and thereafter:

(a)     Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b)     Award punitive damages to punish and deter Defendant and others from like conduct;

(c)     Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d)     Such other and further equitable and legal relief as this Court deems just and proper.

**ANSWER:**     Defendant denies that Plaintiff is entitled to the relief requested and denies

the allegations contained therein.

## Count IV
## Retaliation - IHRA

64.     Plaintiff restates and incorporates by reference, as if fully set forth herein, all prior allegations of this Complaint.

**ANSWER:**     Defendant incorporates by reference its answers to all prior allegations of

this Complaint as if full set forth herein.

65.     Plaintiff engaged in statutorily protected activity when she complained to Ascend management, Brandon Discus, Jennifer Littlebrave, Mike Swinnen and Jessica Cole about Garmon's unwelcomed touching and the comment he made at a workgroup meeting suggesting oral sex ("with a mouth like that, I need you over here").

**ANSWER:**    Defendant denies that Plaintiff engaged in statutorily protected activity and denies the remaining allegations in Paragraph 64.

66.    Plaintiff was told to by Ascend management discuss the matter with Garmon. Plaintiff was not comfortable addressing the matter with Garmon, since she had already asked him to stop touching her and he ignored her pleas.

**ANSWER:**    Defendant denies the allegations in the first sentence of Paragraph 66. Defendant lacks knowledge or information sufficient or deny how Plaintiff felt and therefore denies those allegations and the remaining allegations in Paragraph 66.

67.    As a result of Plaintiff opposing the aforementioned discriminatory and sexually derogatory comments, Defendant continued to subject Plaintiff to the comments and hostile working environment created thereby.

**ANSWER:**    Defendant denies that discriminatory and sexually derogatory comments occurred and denies the remaining allegations in Paragraph 67.

68.    Defendant thereafter began to retaliate against Plaintiff including, denying her a transfer opportunity to another location, issuing her a write-up for insubordination relating to Plaintiff's refusal to work "off the clock," and ultimately terminating Plaintiff's employment on March 22, 2021, based on a false charge that Plaintiff bullied another employee.

**ANSWER:**    Defendant denies the allegations in Paragraph 68.

69.    As a direct and proximate result of Defendant's actions, plaintiff experienced a loss of compensation and benefits, future wages, emotional distress, humiliation, and depravation of civil rights.

**ANSWER:**    Defendant denies the allegations in Paragraph 69.

70.    Defendant further retaliated against Plaintiff by denying her access to its cannabis dispensary on June 30, 2021, to obtain medically prescribed cannabis, after Plaintiff filed a charge of discrimination with the EEOC/IDHR on May 11, 2021.

**ANSWER:**    Defendant denies the allegations in Paragraph 70.

71.    Defendant's retaliatory actions were in violation of the IHRA.

**ANSWER:**    Defendant denies that it engaged in retaliatory actions and denies the remaining allegations in Paragraph 71.

72.     Plaintiff has incurred attorneys' fees, costs, and expenses in bringing this claim, and plaintiff is entitled to recover her attorneys' fees, costs, and expenses pursuant to IHRA.

**ANSWER:**     Defendant denies the allegations in Paragraph 72.

73.     Plaintiff seeks injunctive and compensatory relief as the Court deems right, proper, and just. Plaintiff also seeks an order from this Court enjoining the Defendant from further or additional violations of the IHRA.

**ANSWER:**     Defendant denies that Plaintiff is entitled to the relief sought and denies the

remaining allegations in Paragraph 73.

74.     Defendant's discriminatory actions were malice and reckless and flagrant disregard, and deliberate indifference for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**ANSWER:**     Defendant denies the allegations in Paragraph 74.

75.     Punitive damages are sought in an amount sufficient to punish Defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

**ANSWER:**     Defendant denies that Plaintiff is entitled to the relief sought and denies the

remaining allegations in Paragraph 75.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and thereafter:

(a)     Order Defendant to make Plaintiff whole for the harm caused, including compensatory damages and damages for emotional distress, humiliation, and diminished employment status;

(b)     Award punitive damages to punish and deter Defendant and others from like conduct;

(c)     Award costs and expense of litigation and a reasonable sum as and for attorneys' fees; and

(d)     Such other and further equitable and legal relief as this Court deems just and proper.

**ANSWER:**     Defendant denies that Plaintiff is entitled to the relief requested and denies

the allegations contained therein.

**Demand for Jury Trial**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**ANSWER:** Defendant admits that Plaintiff seeks a trial by jury but denies that she has a factual or legal basis so support her claims and denies any remaining allegations.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted.

**SECOND DEFENSE**

To the extent that Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

**THIRD DEFENSE**

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of discrimination; and (b) for alleged incidents of discrimination or harassment or retaliation outside the scope of any charge, Plaintiff may not recover any relief for such incidents.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that all administrative remedies and procedural prerequisites have not been properly exhausted.

**FIFTH DEFENSE**

Any action taken by Defendant was taken for legitimate, non-retaliatory business reasons, and reasonable business justifications.

**SIXTH DEFENSE**

Defendant acted in a reasonable manner and in good faith and without motive, malice,

means, reckless indifference, utter difference or conscious disregard toward Plaintiff's rights.

## SEVENTH DEFENSE

Even if Defendant's actions and decisions were motivated, in part, by unlawful discriminatory or retaliatory intent (which Defendant denies), Plaintiff's claims fail because Defendant would have taken the same actions and made the same decisions without regard to any alleged unlawful intent.

## EIGHTH DEFENSE

Plaintiff's request for relief must fail to the extent that she has failed to mitigate her damages as required by law.

## NINTH DEFENSE

Plaintiff's claims of retaliation are barred, in whole in part, because Plaintiff failed to engage in any protected activity under Title VII or the IHRA.

## TENTH DEFENSE

To the extent Plaintiff is seeking any form of damages and/or relief on a claim for which such damages or other relief is or are not available, those claims are barred.

## ELEVENTH DEFENSE

To the extent that Plaintiff has received any income from other employment and other sources, such monies must be offset against any damages allegedly due to Plaintiff from Defendant.

## TWELFTH DEFENSE

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence or unclean hands, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred in part by Plaintiff's failure to utilize or take advantage of established internal procedures and other protective or corrective opportunities offered by Defendant to address her alleged claims and by her failure otherwise to avoid the alleged harm about which she complains.

**FOURTEENTH DEFENSE**

Defendant exercised reasonable care to prevent any alleged discrimination and harassment and took timely and appropriate action to address any complaints reported to Defendant.

**FIFTEENTH DEFNSE**

If any improper, illegal, or discriminatory acts were taken by any person against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed or approved by Defendant.

**SIXTEENTH DEFENSE**

To the extent that Plaintiff is seeking punitive damages, she is not entitled to such relief because the Complaint, and the claims set forth therein, fail to plead sufficient facts to support recovery of punitive damages. Moreover, Plaintiff cannot recover punitive damages because Defendant undertook good faith efforts to comply with federal and state anti-discrimination laws and to prevent discrimination.

Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional affirmative defenses as established by the facts of the case.

To the extent that any of the foregoing allegations in Plaintiff's Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant respectfully requests that the Court:

1.    Dismiss with prejudice Plaintiff's Complaint in its entirety;

2.    Deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint;

3.    Award Defendant its reasonable attorneys' fees and costs incurred in defending this action; and

4.    Grant such other and further relief as the Court may deem just and proper.


Dated: August 31, 2022                          Respectfully submitted,

                                                **CHICAGO ALTERNATIVE HEALTH CENTER, LLC An Illinois Limited Liability Company, d/b/a ASCEND CANNABIS**


                                                _/s/ Lucy Bednarek_
                                                By one of Defendant's Attorneys


Lucy Bednarek, Bar No. 6269389
lbednarek@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street - Suite 1100
Chicago, IL  60654
Telephone:    312.372.5520
Facsimile:     312.372.7880

## <u>CERTIFICATE OF SERVICE</u>

Lucy Bednarek, an attorney, hereby certifies that, on August 31, 2022, she caused a copy

of the foregoing ***Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint*** to be

electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification

via electronic mail of such filing to following counsel of record:

Melvin D. Kennedy, #6216344
Law Office of Melvin D. Kennedy, LLC
2001 S. Big Bend Blvd.
St. Louis, MO 63117
Telephone: (314) 561-3241
Facsimile: (314) 644-4303
Email: Melvin.KennedyLLC@gmail.com

Cyrus Dashtaki, #57606
Dashtaki Law Firm, LLC
5205 Hampton Avenue
St. Louis, MO 63109
Telephone: (314) 932-7671
Facsimile: (314) 932-7672
Email: cyrus@dashtaki.com

/s/ *Lucy Bednarek*